UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD PRIMEAUX,

    Plaintiff,

v.                                        Case No:  2:20-cv-941-JLB-NPM

PROGRESSIVE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

Richard Primeaux sues Progressive American Insurance Company ("Progressive"), alleging Progressive handled his claim against its insured in bad faith. Mr. Primeaux intends to rely on the expert testimony of Kelly Gray, Esq. Progressive moves to "[p]reclude [Ms. Gray] . . . from offering certain opinions in the instant action that are unsupported by Florida law." (Doc. 43 at 1.) Specifically, Progressive argues that the Court should prohibit Ms. Gray from offering any opinion that Progressive's claims handling: (a) violated the Florida Adjuster Code of Ethics; and (b) failed to comply with applicable industry standards under Florida caselaw. (Id. at 8–11, 12–19.) For the reasons below, Progressive's motion (Doc. 43) is **GRANTED IN PART**.

## LEGAL STANDARD

An expert witness may provide testimony that assists the trier of fact understand evidence or determine factual issues if the testimony is: (1) based upon sufficient facts or data; (2) the product of reliable principles and methods; and (3)

the witness has applied the principles and methods reliable to the facts of the case. Fed. R. Evid. 702.  In determining the admissibility of expert testimony under Federal Rule of Evidence 702, the Court:

> must consider whether: (1) the expert is qualified to testify competently regarding the matters [s]he intends to address; (2) the methodology by which the expert reaches [her] conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert[1]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (quotation omitted).[2]

## DISCUSSION

**A.     The Adjuster Code of Ethics**

Progressive first challenges the admissibility of Ms. Gray's opinion that "the Adjuster Code of Ethics stands for the proposition that the insurer 'is required to treat all claimant's equally' and that Progressive failed to do so in its handling of the multiple competing claims in this case."  (Doc. 43 at 8 (referencing Doc. 43-1 at 10, 17; Doc. 43-2 at 90).)[3]  Progressive also notes that no "administrative court [has

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

[2] Progressive does not challenge whether Ms. Gray is qualified to provide this opinion and only briefly touches upon the usefulness of her testimony to a jury, stating her opinion that Progressive violated the Adjuster Code of Ethics would confuse the jury.  (Doc. 43 at 11.)  To the extent Progressive's argument here can be characterized as Ms. Gray applying an incorrect legal standard to reach her opinions, that would be analogous to a scientific expert's miscalculation (i.e., methodological flaws).  If an opinion is based on inaccurate data or an inadequate study, then the weight of the evidence—not its admissibility—is at issue and should be addressed through rigorous cross-examination at trial.  Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1345 (11th Cir. 2003).

[3] See Fla. Admin. Code r. 69B-220.201 (providing a "code of ethics" for

determined] that Progressive, or any Progressive adjuster, violated the Adjuster Code of Ethics in handling of [Mr. Primeaux's] claim." (Id. at 11.) Thus, Progressive argues that allowing "[Mr. Primeaux] to argue to the jury a violation of the Adjuster Code of Ethics occurred in this case would allow Plaintiff to assert a civil cause of action that does not exist under Florida law, would only serve to confuse the jury, and should be excluded from trial." (Id.)

Progressive is correct that no independent cause of action exists for a violation of the Adjuster Code of Ethics. See Kuhlman v. Crawford & Co., No. 01-6036-CIV, 2002 WL 34368089, at *4 (S.D. Fla. Jan. 23, 2002) (concluding that "the plain language limits enforcement to administrative action"). But Mr. Primeaux is alleging that Progressive handled his claim in bad faith; not that Progressive is liable for violating the Adjuster Code of Ethics. (See Doc. 21.) Further, Ms. Gray does not opine that Progressive is liable for Mr. Primeaux's damages because Progressive purportedly violated the Adjuster Code of Ethics. Rather, she notes that the Adjuster Code of Ethics provides support for certain duties an insurer owes its insured and that Progressive did not treat the other claimants and Mr. Primeaux equally as the Adjuster Code of Ethics requires. (Doc. 43-1 at 10, 17; Doc. 43-2 at 23.)

"District court judges in the Eleventh Circuit have" held that "failure to follow recognized rules that are not mandatory is admissible to show how a reasonable person might have acted." Cook v. Royal Caribbean Cruises, Ltd., No.

---

adjusting insurance claims).

11-20723-CIV, 2012 WL 1792628, at *4 (S.D. Fla. May 15, 2012) (quotation omitted). And in Florida, under both statute and common law, an "insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." Bos. Old Colony Ins. Co. v. Gutierrez, 386 So. 2d 783, 785 (Fla. 1980). "Because the duty of good faith involves diligence and care in the investigation and evaluation of the claim against the insured, negligence is relevant to the question of good faith." Id. Thus, "such matters as reasonable diligence and ordinary care [are] material in determining bad faith" and "[t]raditionally, reasonable diligence and ordinary care are considerations of fact—not of law." Campbell v. Gov't Emps. Ins. Co., 306 So. 2d 525, 530–31 (Fla. 1974.)

Progressive does not identify any specific portion of Ms. Gray's report or line of testimony that it seeks to strike or preclude from trial in particular. And the Court is not persuaded that a blanket prohibition is appropriate. Of course, Ms. Gray cannot "merely tell the jury what result to reach" or testify to the "legal implications of conduct." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990). For example, she cannot testify that noncompliance with the Adjuster Code of Ethics is "indicative of bad faith." (Doc. 43-2 at 56.) Ms. Gray may, however, provide testimony about the standards and practices of the insurance industry and whether Progressive complied with those standards. DeCamp v. State Farm Fire & Cas. Co., No. 8:20-CV-1747-VMC-TGW, 2021 WL

4059906, at *5 (M.D. Fla. Sept. 7, 2021).   Such testimony is not contrary to law because it would assist a jury in determining whether Progressive resolved Mr. Primeaux's claim with the appropriate diligence and care of an ordinary and prudent person.

**B.   Industry Standards**

Next, Progressive argues that Ms. Gray "should be precluded from offering any opinion that Progressive breached its duties under" the standard articulated in Powell v. Prudential Property & Casualty Insurance Co., 584 So. 2d 12 (Fla. 3d DCA 1991).   (Doc. 43 at 12 (referencing Doc. 43-1 at 11; Doc. 43-2 at 24–25).)[4] Progressive argues that "Florida law is clear that Progressive did not act in bad faith when it decided not to offer the $10,000 BI policy limits to Primeaux," and instead pursued a global settlement conference with all claimants.   (Doc. 43 at 13.) But like its previous argument, this goes to the weight of Ms. Gray's opinion, not necessarily its admissibility.

Again, while an expert like Ms. Gray "may testify as to [her] opinion on an ultimate issue of fact . . . . the court must be the jury's only source of law." Montgomery, 898 F.2d at 1541.   Ms. Gray thus cannot express an opinion that Progressive acted in bad faith by failing to comply with the standards set forth in Powell; the Court will provide the applicable legal standard(s) to the jury.   But she

---

[4] In Powell, the Florida Third District Court of Appeal held that "[w]here liability is clear, and injuries so serious that a judgment in excess of the policy limits is likely, an insurer has an affirmative duty to initiate settlement negotiations."   584 So. 2d at 14.

can provide her opinion that Progressive's decision to settle Mr. Primeaux's claim through a global settlement conference at the same time Progressive sought to resolve those of other claimants did not comport with industry standards given the facts of this case.  See generally Berges v. Infinity Ins. Co., 896 So. 2d 665, 680 (Fla. 2004) (bad faith is based upon an assessment of the totality of the circumstances).  Thus, Ms. Gray's testimony "as to the claims handling standards within the insurance industry, and whether or not [Progressive's] actions met those standards, will help the jury understand the evidence and determine a fact in issue."  Maharaj v. GEICO Cas. Co., No. 12-80582-CIV-MARRA, 2015 WL 11279830, at *6 (S.D. Fla. Mar. 12, 2015).

## CONCLUSION

Given that Progressive fails to identify any specific portion of Ms. Gray's expert report or deposition testimony, the Court is not inclined to "enter [a blanket] Order precluding Kelly Gray, Esq. from offering certain opinions."  (Doc. 43 at 19.) Nor does the Court agree with Progressive that Ms. Gray's opinions "are unsupported by the facts and/or Florida law."  (Id.)  Mr. Primeaux has not alleged an independent cause of action under the Adjuster Code of Ethics and Progressive's actions viewed within the insurance industry's customs, practices, and standards will assist a jury in determining whether Progressive acted in bad faith.  But Ms. Gray cannot offer any opinion as to the applicable legal standards of this case or the legal implications of Progressive's actions.  See Schultz v. Gov't. Emps. Ins. Co., No. 1:15cv172-MW/GRJ, 2016 WL 8861701 (Aug. 12, 2016).

Accordingly, Progressive's motion to preclude (Doc. 43) is **GRANTED IN PART** as set forth in this Order. It is **DENIED WITHOUT PREJUDICE** to the extent it seeks any greater or different relief than this Order grants.

**ORDERED** at Fort Myers, Florida, on August 8, 2022.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE